UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-169-H

JAMES BRADBURY    PLAINTIFF

V.

FORD MOTOR COMPANY    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this ERISA action complaining that his former employer, Ford Motor Company ("Ford"), arbitrarily and capriciously denied his request to change his retirement benefits from "early retirement" to "disability retirement." The parties have submitted the administrative record and briefed the issue. It is now ripe for consideration.

On March 12, 2002 Plaintiff filed paperwork for retirement benefits from Ford. On those papers, he selected "early" as the type of retirement desired. Ford approved his retirement effective May 1, 2002 and began paying benefits. On October 24, 2005 Plaintiff filed for disability with the Social Security Administration ("SSA"). Eventually, SSA found Plaintiff totally disabled as of May 1, 2002. Sometime in January of 2008, nearly six years after requesting early retirement benefits, Plaintiff contacted Ford and requested that his retirement type be changed from "early" to "disability." Ford denied the request and Plaintiff appealed to the ERISA administrator, who also denied the request. This lawsuit followed.

The administrator gave several reasons for its decision. First, it viewed Plaintiff as attempting to retire for a second time in 2008. Article V, Section 4 states, "Only persons who are active members of the Plan at the time of retirement may retire under the Plan."

1

(Administrative Record ("A.R.") at 108.)  A former active member may retire only if they again become an active member or have not otherwise broken service.  Here, it is undisputed that Plaintiff broke his service as of May 1, 2002 and was not an active member when he requested disability retirement in January of 2008.

Second, the administrator noted the language of the Salaried Retiree Handbook, which provides, "If you become disabled after you retire, you do not qualify for disability retirement under the Plan."  (A.R. at 53.)  The administrator found that Plaintiff became disabled after he initially retired for a number of reasons.  First, he did not notify Ford of any disability until approximately six years after his retirement.  Second, he did not file for any type of SSA disability until over three years after his retirement.  Finally, under the Plan, a member will only be found to be disabled if the individual was prevented from engaging in any regular occupation or employment with the Company for at least five continuous months.  Plaintiff worked the five months prior to his May 1, 2002 retirement.  Thus, the administrator determined that he was not "disabled" under the definition provided by the Plan as of May 1, 2002.

The Court finds that the decisions reached by the administrator were entirely reasonable and likely correct in light of the language of the Plan.  Plaintiff presents no persuasive argument to the contrary.  Therefore, the administrator's decision was not arbitrary and capricious and must be affirmed.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Ford Motor Company's Motion for Judgment is SUSTAINED and the decision of the administrator is AFFIRMED.

This is a final and appealable order.

cc: Counsel of Record